UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL L. BENDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV548 HEA |
| | ) | |
| GARY KOTHE, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Daniel L. Bender for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 ( 2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages against defendants Gary Kothe; Sarah Kothe; Troy, Missouri; Unknown Officers of the Troy Police Department; Alberto R. Gonzales; and Mark James. The complaint alleges that the "named defendants did hit plaintiff with a red Ford F-250; and/or conspired to do the same causing serious bodily injury to the plaintiff." The female driver of the truck yelled an obscenity at plaintiff and stated "that her husband is a cop." Plaintiff was treated for "contusions of the lower limb" and "post concussion syndrome." Plaintiff further states that he "was threatened by the Troy Police Department and/or Lincoln County Sheriff (two law enforcement officials)" and that "they gave [him] the option to go to jail or leave town immediately."

**Discussion**

Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This is the third action plaintiff has brought concerning this same incident. *See Bender v. Unknown Defendants*, No. 4:06CV109AGF (E.D. Mo.); *Bender v. Kothe*, No. 4:06CV1017AGF (E.D. Mo.). These prior actions were dismissed under 28 U.S.C. § 1915(e)(2)(B) based on the determination that the facts alleged failed to state a claim under 42 U.S.C. § 1983 and there was no other potential basis for this Court to exercise jurisdiction over plaintiff's claims. The instant complaint fares no better at stating a constitutional claim. Put simply, there is no indication that the crash between plaintiff's bike and the F-250 was action taken under color of state law as required by § 1983. As such, the instant complaint must be dismissed. *See Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (holding that dismissal of claim as frivolous has res judicata effect on frivolousness determinations for future in forma pauperis petitions raising identical claims). Furthermore, mere verbal threats warning plaintiff to "get out of town" do not rise to the level of a constitutional violation. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983). Finally, plaintiff has not alleged how defendants Gonzales and James were personally and directly responsible for the acts that allegedly injured plaintiff. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)("[l]iability under § 1983 requires a

causal link to, and direct responsibility for, the alleged deprivation of rights"); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauper is GRANTED [Doc. #2].

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 21st day of August, 2007.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE